J. MARK PHILLIPS & others *vs.* JOHN C. HADDOCK
& another.

Bristol.   January 10, 1895. — March 1, 1895.

Present: FIELD, C. J., HOLMES, KNOWLTON, & BARKER, JJ.

*Damages to Vessel — Evidence of Time of Tide.*

In an action for damages to the plaintiff's schooner caused by grounding in a dock in F., where it was to deliver a cargo of coal to the defendant, under a bill of lading stipulating that fifteen feet of water at high water or an ordinary tide were guaranteed, the plaintiff alleged that the grounding was due to the want of the guaranteed depth of water, to which the defendant replied that the schooner did not come in until the tide had fallen. It appeared that the accident happened between a quarter to seven and seven o'clock in the morning. The defendant, for the purpose of proving that high tide on that morning at P., which was fifteen miles from F. in a straight line and more by water, was at half-past five o'clock, offered in evidence an automatic register of a tide gauge kept by the city of P. and used by the United States in calculating the tides. This evidence was excluded; but the expert who produced the register was allowed to testify, from his data as to the tide in P., to a time of high tide in F., and he fixed it between twenty and thirty-eight minutes past five. There was other evidence that, under conditions like those testified to on the morning in question, the difference in the time of high tide at P. and F. would not be more than five or six minutes ; and direct evidence of the state of the tide at F. was put in by both parties. *Held,* that it could not be said that the ruling excluding the evidence offered was wrong.

HOLMES, J.   This is an action to recover for damages to the plaintiffs' schooner, caused by grounding in a dock in Fall River, where it was to deliver a cargo of coal to the defendants. It was stipulated by the bill of lading, as interpreted by the evidence, that fifteen feet of water at high water on an ordinary tide were guaranteed. The plaintiffs alleged that the grounding was due to the want of the guaranteed depth of water, to which the defendants replied that the schooner did not come in until the tide had fallen. The accident happened between a quarter to seven and seven o'clock in the morning. The defendants offered to prove that high tide at Providence on that morning was at half-past five, and for that purpose offered an automatic register of a tide gauge kept by the city and used by the United States in calculating the tides. This evidence was not admitted; and the defendants excepted.

Providence is some fifteen miles from Fall River in a straight line, and more by water. The expert who produced the register was allowed to testify, from his data as to the tide in Providence, to a time of high tide in Fall River. He fixed it between twenty and thirty-eight minutes past five. It is true that there was other evidence that, under conditions like those testified to on the morning in question, the difference in the time of high tide at Providence and Fall River would not be more than five or six minutes, but this margin of eighteen minutes allowed by the expert well may have satisfied the presiding judge that the preliminary questions of fact to be settled by the jury before they could make any use of Providence as a standard for Fall River were difficult and uncertain. Direct evidence of the state of the tide at Fall River was put in by both parties, and under these circumstances a resort to inferences from more or less uncertain facts elsewhere was unnecessary. *Gilbert* v. *West End Street Railway*, 160 Mass. 403, 405. We cannot say that the ruling was wrong.                    *Exceptions overruled.*

*A. J. Jennings & J. M. Morton, Jr.*, for the defendants.

*J. F. Jackson*, for the plaintiffs.